OPINION
{¶ 1} On June 1, 2005, appellant, Thomas Herren, filed a petition in mandamus against appellees, the Marlington Local School District Board of Education and Stark County Educational Service Center as joint administrators of the Marlington Local School District. Appellant claimed appellees did not notify him by April 30, 2005 pursuant to statute of their intention to not renew his limited teaching contract. Appellees claimed appellant was notified on April 26, 2005 and appellant claimed he was notified on May 2, 2005.
 {¶ 2} A bench trial commenced on August 30, 2005. By judgment entry filed August 31, 2005, the trial court found in favor of appellees.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "THE TRIAL COURT ERRED, BECAUSE THE CONCLUSION THAT TIMELY NOTICE OF NON-RENEWAL WAS GIVEN TO RELATOR/APPELLANT HERREN IS NOT SUPPORTED BY THE MANIFEST WEIGHT OF THE EVIDENCE ON THE RECORD AS A WHOLE."
 II {¶ 5} "THE TRIAL COURT ERRED, BECAUSE THE FACT THAT RELATOR/APPELLANT HERREN DID NOT RAISE THE ISSUE OF NOTIFICATION REGARDING NON-RENEWAL DURING A GRIEVANCE MEETING ON APRIL 29, 2005, DOES NOT CORROBORATE THE FINDING OF TIMELY NOTICE."
 III {¶ 6} "THE TRIAL COURT ERRED, BECAUSE A LETTER FROM RELATOR/APPELLANT HERREN'S GRANDMOTHER, DOES NOT CORROBORATE THE FINDING ABOUT THE DATE OF DELIVERY OF THE NOTICE OF NON-RENEWAL."
 I, II, III {¶ 7} All three of appellant's assignments of error attack the trial court's decision that he received timely notice of the non-renewal action. Appellant claims his non-renewal notice was not timely given and this claim is corroborated by the lack of discussion concerning same during an April 29, 2005 grievance meeting on pre-observation conferences. Appellant further claims the May 2, 2005 meeting between the superintendent, principal and his grandmother and her April 27, 2005 letter to the superintendent are not corroborative evidence of a timely delivery. We disagree.
 {¶ 8} A judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. C.E. Morris Co. v. FoleyConstruction Co. (1978), 54 Ohio St.2d 279. A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. Myers v.Garson, 66 Ohio St.3d 610, 1993-Ohio-9.
 {¶ 9} R.C. 3319.11(B)(2) specifically establishes the time frame for timely notice of non-renewal of a teacher's contract and is controlling:
 {¶ 10} "If the superintendent recommends that a teacher eligible for continuing service status not be reemployed, the board may declare its intention not to reemploy the teacher by giving the teacher written notice on or before the thirtieth day of April of its intention not to reemploy the teacher. If evaluation procedures have not been complied with pursuant to division (A) of section 3319.111 of the Revised Code or the board does not give the teacher written notice on or before the thirtieth day of April of its intention not to reemploy the teacher, the teacher is deemed reemployed under an extended limited contract for a term not to exceed one year at the same salary plus any increment provided by the salary schedule. The teacher is presumed to have accepted employment under the extended limited contract for a term not to exceed one year unless such teacher notifies the board in writing to the contrary on or before the first day of June, and an extended limited contract for a term not to exceed one year shall be executed accordingly. Upon any subsequent reemployment of a teacher only a continuing contract may be entered into."
 {¶ 11} Appellant claims he received his non-renewal letter, Joint Exhibit C, on May 2, 2005 after 1:00 p.m. in his classroom. T. at 45. Exhibit C is signed and dated May 2, 2005 by appellant. Principal Janofa testified appellant came to his office on April 26, 2005 at 9:00 a.m. and he handed appellant the non-renewal notice. T. at 74-76. The trial court correctly noted during the trial the timeliness of the non-renewal notice was a credibility issue and we concur. T. at 122-123. The weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. State v. Jamison (1990), 49 Ohio St.3d 182, certiorari denied (1990), 498 U.S. 881.
 {¶ 12} In its judgment entry of August 31, 2005, the trial court held the following:
 {¶ 13} "The Court finds that the Relator, Thomas Herren, did receive the formal written notice of the non-renewal of his limited teaching contract on the 26th day of April, 2005, prior to the required deadline of the 30th of April. This finding is corroborated by the checklist utilized by the school and by the principal, Mr. Janofa. Further, when Mr. Kuhn and Mr. Herren met with the principal on the 29th of April to file a grievance, there was no discussion regarding the notification letter which certainly would have been a topic of discussion or would have resulted in delivery of the letter to Mr. Herren at that time.
 {¶ 14} "Additionally, when Mr. Herren's grandmother attended a meeting with the superintendent and the principal on May the 2nd, she was under the impression at that time that he had not been renewed and with her educational background would have been aware of the missing of the April 30th deadline."
 {¶ 15} The trial court was forced to balance the claimed April 26, 2005 delivery date with the May 2, 2005 date written on the notice by appellant against the testimony of the various witnesses. Although the trial court in its judgment entry noted some specific facts it found to be corroborative, specific finding of facts and conclusions of law were not filed nor requested by the parties.
 {¶ 16} Upon review of the entire record, we concur with the trial court's decision based upon the testimony of facts presented by the witnesses.
 {¶ 17} Generally, the non-renewal notice would be the best evidence of when the notice was delivered. However, based upon the testimony presented, we find this "best evidence" is overcome by specific evidence.
 {¶ 18} From the testimony of Principal Janofa, Assistant Principal Kevin Tobin and Superintendent Tony Scott, coupled with Principal Janofa's planner, it was physically impossible for Principal Janofa to have delivered the notice to appellant on May 2, 2005 at 1:00 p.m. in appellant's classroom. T. at 100-103, 133, 157-161. There is unrefuted testimony Principal Janofa left the high school building on May 2, 2005 before 1:00 p.m. for a meeting with the superintendent and appellant's grandmother. Id. Principal Janofa was physically away from the high school building from before 1:00 p.m. until dismissal at 3:30 p.m. T. at 102-103. We are further convinced of the truthfulness of the April 26, 2005 delivery date because of the testimony of Dennis Miller, Director of Management Services, and Superintendent Scott. Both Mr. Miller and Mr. Scott stated Principal Janofa admitted to not having delivered non-renewal notices to three other teachers, Kendle, Salter and Herbert, by April 29, 2005, and they were the only three not notified. T. at 139-140, 153-155.
 {¶ 19} Although the trial court considers the lack of discussion of the notice during the April 29, 2005 grievance meeting and appellant's grandmother's intercession via a letter as corroborating, we find these constitute circumstantial evidence only. The direct evidence about the happenings on May 2, 2005 is of a more persuasive value. Whether the facts are viewed as circumstantial or direct or a combination of the two, we find appellees met their burden.
 {¶ 20} Upon review, we find the trial court did not err in finding for appellees.
 {¶ 21} Assignments of Error I, II and III are denied.
 {¶ 22} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
Farmer, J. Wise, P.J. and Gwin, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed.